Bullard, J.
This is a suit instituted by a majority of the commissioners appointed in virtue of an act of the Legislature in 182X, and a supplemental act in 1828, authorizing a lottery for the purpose of raising money to improve a part of the parish of Iberville. It is alleged, that the defendant, one of the commissioners, had sold the privilege of drawing such lottery for $4000, and retained the amount, and converted it to his own use.
The case was tried by a jury, whose verdict was for the full amount claimed, and the defendant appealed.
The appellant’s counsel makes in this court the following points: 1st. That the petition is defective in not naming the inhabitants, and the court erred in not sustaining the exception.
2d. That the charge to the jury was erroneous and illegal, and calculated to mislead the jury.
I. The exception, in our opinion, was properly overruled. A majority of the commissioners had an undoubted right, under the statute, to institute the suit for the use of‘the inhabitants of a particular part of the parish as designated in the statute, without *647 naming all such inhabitants. The objection that the two commissioners who sue, had not given bond as required by law, ought not to avail the defendant, who had also neglected to give bond, but who received the money and withholds it.
II. The statute points out the manner in which the money to be raised, should be disbursed for the benefit of the inhabitants. The directions of the law had not been observed; but it was contended, that the defendant had expended a part of the amount in carrying out the views of the Legislature, in making the improvements contemplated, and that allowance ought to be made for such amounts as he could show were thus usefully employed, although in an irregular form and manner. But the court instructed the jury, that even if the defendant had applied a part, or the whole of the money so collected and obtained, to the collective use of the inhabitants, by improving in any degree their lands as contemplated by law, still if he had done so without authority from a majority of the board, and without, complying with the form of advertising and adjudication to the lowest bidder prescribed by the acts of 1827 and 1828, and may possibly have an equitable right to be remunerated for his work, he has not that of obtaining in this action a set off, or compensation to the claim, if proved, of the value of such work. We think the court erred in this instruction to the jury. Equity forbids, that the defendant should lose’what he has expended for the real benefit of the inhabitants, as contemplated by the Legislature, although he neglected the forms required by law. This indeed is not asserted by the court below ; but the defendant being entitled, ex cequo et bono, to be compensated, we think he is not necessarily to be turned round to a circuity of actions to be reimbursed. Many analogous cases may be supposed, and indeed are of frequent occurrence. An administrator for example, who should have paid acknowledged debts, without the formal order of a Court of Probates, would yet, in his settlement with the heirs at law, be entitled to any allowance for the amount thus usefully paid, in discharge of the liabilities of the estate.
It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and the verdict set aside, and that the case be remanded for a new trial, with instructions to the Judge *648 to abstain from charging as set forth in the bill of exceptions ; and that the plaintiffs and appellees pay the costs of this appeal.
R. A. Upton, for the plaintiffs.
W. M. Randolph, Downs and Moise, for the appellant.